**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THE BLOOM LAKE IRON ORE MINE LIMITED PARTNERSHIP, | ) ) ) | CASE NO. 1:14-cv-2426-LW |
| Plaintiff, | ) ) ) | JUDGE LESLEY WELLS |
| | ) | MAGISTRATE JUDGE NANCY A. |
| v. | ) ) | VECCHIARELLI |
| BEUMER CORPORATION, | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF THE BLOOM LAKE IRON ORE MINE LIMITED
PARTNERSHIP'S OPPOSITION TO DEFENDANT BEUMER
CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR
BREACH OF CONTRACT AND DECLARATORY JUDGMENT**

**INTRODUCTION**

Beumer's Motion to Dismiss is unnecessary and fails to tell the entire story that,

when told, shows that it is Beumer's conduct that is misguided here.

On July 12, 2013, Beumer filed an action against Bloom Lake styled, *Beumer

Corporation v. The Bloom Lake Iron Ore Mine Limited Partnership*, United States

District Court for the Northern District of Ohio, Case No. 1:13-cv-01513-LW (the "First

Case").  In the First Case, Beumer disregarded its contractual dispute resolution

obligations and raced to the courthouse in an attempt to force Bloom Lake into an

undesirable forum (arbitration) and preempt Bloom Lake's filing of claims in excess of $12 million against it.

Nevertheless, in the First Case, Beumer asserted claims for breach of contract, fraud, and unjust enrichment, and also moved the Court to order the First Case to arbitration.  (*See generally*, Beumer Am. Compl.) (Doc. 17, First Case).  In seeking to compel arbitration, Beumer disregarded its contractual obligations to notify Bloom Lake of the forum dispute and attempt to resolve the same outside of Court.  (Bloom Lake Mot. to Dismiss Am. Compl. at 7) (Doc. 20, First Case).  Beumer also attempted to force Bloom Lake into arbitration despite contract language requiring its claims to be litigated in court.  (*See generally*, Bloom Lake Opp'n to Mot. to Order Arbitration) (Doc. 7, First Case).  Regardless, Bloom Lake opposed Beumer's attempt to compel arbitration and separately moved to dismiss Beumer's Complaint for failure to follow conditions precedent to dispute resolution and pursing tort and equity claims in, what is clearly, a breach of contract action.  (Bloom Lake Mot. to Dismiss Compl.; Bloom Lake Opp'n to Mot. to Order Arbitration) (Docs. 15, 7, First Case).

With respect to Beumer's motion to compel arbitration, the Court would ultimately agree with Bloom Lake and deny Beumer's attempt to compel arbitration. (Doc. 25).  Bloom Lake's motion to dismiss,[1] however, remained pending but, after approximately a year (and multiple written and verbal requests by Bloom Lake that it dismiss its tort and equity claims), Beumer unilaterally dismissed its tort and equity claims.  Shortly thereafter, Beumer's counsel then called Bloom Lake's counsel to

---

[1] Bloom Lake was forced to file two motions to dismiss (Docs. 15, 20, First Case) because Beumer filed an amended complaint in an attempt to avoid dismissal.  Despite demands that the tort and equity claims be dismissed, Beumer nonetheless included those claims in its amended complaint forcing Beumer to re-file its motion to dismiss.

discuss the possibility of doing limited discovery designed to moving the case towards settlement. Bloom Lake's counsel advised that its claims were not yet on the record and it would be difficult to do much until all claims were on the table.

Because Bloom Lake's motion to dismiss remained pending in the First Case, Bloom Lake filed this action (the "Second Case") — clearly noting in the Civil Cover Sheet (Doc. 1-1) that it was related to the First Case — in an effort to move the dispute between the parties forward in the spirit discussed between counsel. Bloom Lake was also anxious to advance its claims — which it had been holding off on filing pending the Court's ruling on its motion to dismiss in the First Case — because it had concerns about potential statute of limitations issues.[2] After filing, Bloom Lake's counsel provided Beumer's counsel with a courtesy copy of the filing. Thereafter, Bloom Lake's counsel had several telephone discussions with Beumer's counsel in which it was suggested that this action simply be consolidated with the First Case so the parties could move forward with a case management plan and limited discovery. After the filing of this action, the Court, in the First Case, ruled that Bloom Lake's motion to dismiss was moot primarily in light of Beumer's voluntary dismissal of its tort and equity claims.

It is important to note that, although Bloom Lake promptly provided Beumer with a courtesy copy of its Complaint, Bloom Lake never served the Complaint on Beumer. In fact, early on, Bloom Lake requested Beumer to waive service so the case could then be consolidated with the First Case. (*See* <u>Exhibit A</u>). But, without notifying Bloom Lake, Beumer waited and then unilaterally waived service well after the required

---

[2] Bloom Lake was concerned that its right to file a counterclaim was not ripe while the motion to dismiss was pending and could create potential issues with the timing of the filing and any potential statute of limitations. The filing of a related action that could be consolidated at the appropriate time seemed the safest and most prudent way to proceed under the circumstances.

deadline.  (*See* Ex. A; Doc. 5, Second Case).  And, instead of returning the waiver to Bloom Lake for filing as is customary, Beumer filed the waiver itself the same day it filed its Motion to Dismiss.  This conduct suggests that Beumer was more interested in fabricating justification for filing a motion and asking for fees than simply consolidating the cases and moving forward with the substantive aspects of the case.

As discussed herein, this Court has already addressed the exact issue at hand and concluded that consolidation — rather than dismissal — is appropriate.[3]  Therefore, for these reasons and those set forth below, Bloom Lake requests that the Court deny Beumer's  Motion to Dismiss, including its request for attorneys' fees.

## FACTS AND BACKGROUND

### A.    The Bloom Lake Project and the Disputes Between the Parties.

This cases arises out of a construction project located in Quebec, Canada.[4]  Beumer and Bloom Lake entered into two contracts under which Beumer agreed to design, fabricate, and supply equipment and materials to Bloom Lake for an iron ore conveyor and storage shed.  Beumer's design, fabrication, and supply, however, was riddled with defects, among other things.  And as a result, Bloom Lake incurred

---

[3] At the appropriate time, Bloom Lake intends to file a motion to consolidate this case with Case No. 1:13-cv-01513-LW.  However, Bloom Lake, a limited partnership organized under the laws of Ontario, is now the subject of Canadian insolvency proceedings under Canada's Companies' Creditors Arrangement Act (the "CCAA" and the "CCAA Action").  Specifically, on January 27, 2015, the Superior Court (Commercial Division) for the Province of Quebec, District of Montreal, entered an Initial Order extending the protections of the CCAA to Bloom Lake.  The CCAA Action is in the very early stages, and Bloom Lake will keep the Court advised as to whether it will have any impact on this litigation.

[4] The parties' contracts require them to litigate disputes in the local, state, or federal courts in Cleveland, Ohio.  These requirements arise, in part, because Bloom Lake is an entity related to Cliffs Natural Resources, Inc., which is headquartered in Cleveland, Ohio.

damages in excess of $12 million.  But Beumer has refused to acknowledge its mistakes, and instead, has asserted a meritless claim of its own against Bloom Lake.

> **B.**  **Bloom Lake Moves to Dismiss Beumer's Complaint in the First Case.**

On July 12, 2013, and just days before a scheduled settlement meeting between the parties, Beumer filed a complaint against Bloom Lake before this Court in a separate action — Case  No. 1:13-cv-01513-LW.  In the First Case, Beumer asserted claims for breach of contract(s), fraud in the inducement, fraudulent misrepresentation, equitable estoppel, unjust enrichment, and quantum meruit.  (*See generally*, Beumer Compl.) (Doc. 1, First Case).

Beumer also filed a motion to stay the First Case and refer it to arbitration (the "Arbitration Motion").  (*See generally*, Beumer Arbitration Mot.) (Doc. 3, First Case).  It did so, however, without providing Bloom Lake with notice of its position prior to filing despite being required to do so under the parties' contracts.  (Bloom Lake Mot. to Dismiss Am. Compl. at 7) (Doc. 20, First Case).  In addition, Bloom Lake opposed the Arbitration Motion in light of the fact that the parties' contracts required them to litigate their disputes in the local, state, or federal court in Cleveland, Ohio.  (*See generally*, Bloom Lake Opp'n to Beumer Arbitration Mot.) (Doc. 7, First Case).  The Court agreed with Bloom Lake and denied the Arbitration Motion.  (Doc. 25, First Case).

In response to Beumer's initial complaint, Bloom Lake also filed a motion to dismiss, or in the alternative, motion for a more definite statement.  (*See generally*, Bloom Lake Mot. to Dismiss Compl.) (Doc. 15, First Case).  In doing so, Bloom Lake emphasized the fact that the disputes between the parties were merely business disputes, and Beumer's tort and equitable claims were exceptionally meritless.  *Id.* at 11-

16.  Beumer, however, did not dismiss its tort and equitable claims.  Instead, on October 1, 2013, Beumer filed its first amended complaint again asserting the same claims.  (*See generally*, Beumer Am. Compl.) (Doc. 17, First Case).  Thus, on October 15, 2013, Bloom Lake again moved to dismiss Beumer's first amended complaint.  (*See generally*, Bloom Lake Mot. to Dismiss Am. Compl.) (Doc. 20, First Case).  Bloom Lake also requested both verbally and in writing that Beumer dismiss its tort and equitable claims.

On October 13, 2014, approximately one year after Beumer asserted its tort and equitable claims **for a second time**, Beumer would voluntarily dismiss these claims. (*See generally*, Beumer Notice of Dismissal) (Doc. 26, First Case).  And it was not, until December 1, 2014, that the Court ruled on Bloom Lake's motion to dismiss Beumer's first amended complaint denying the same.

### C. Bloom Lake Files the Second Case Out of Necessity.

During the approximate one-year period between Bloom Lake's filing of its motion to dismiss and the Court's ruling, it became important and prudent for Bloom Lake to perfect its $12 million claim against Beumer by filing it with the Court.  First, the parties had engaged in discussions about their competing claims, and Bloom Lake was operating on an uneven playing field without its claim on record with the Court. Second, Bloom Lake sought to remove any defense of statute of limitations — no matter how far-fetched — by filing its Complaint at that time, rather than waiting on a ruling on its motion to dismiss in the First Case.  Thus, on October 31, 2014, and prior to the Court's ruling on Bloom Lake's motion to dismiss the First Case, Bloom Lake initiated this action (Case No. 1:14-cv-02426-LW) by filing its Complaint for Breach of Contract and Declaratory Judgment against Beumer.  (*See generally*, Bloom Lake Compl.) (Doc. 1, Second Case).

6

Further, because Bloom Lake's motion to dismiss was still pending in the First Case, Bloom Lake was concerned that its right to file a counterclaim was not ripe while the motion to dismiss was pending.  Therefore, it decided to file its Complaint and initiate the Second Case, as opposed to creating potential procedural problems by asserting the claims in the First Case (the same case that it was seeking to dismiss). Bloom Lake would later file these **same** claims as counterclaims in the First Case but only after (1) the Court ruled on Bloom Lake's motion to dismiss and (2) Bloom Lake had already filed its Complaint in the Second Case.  (*See generally*, Bloom Lake Answer and Countercl.) (Doc. 31, First Case).

### D.    Beumer's Motion to Dismiss Was Not Necessary.

Beumer's Motion to Dismiss is also unnecessary.  On November 6, 2014, Bloom Lake sent a request for waiver of service for its Complaint in the Second Case under Fed. R. Civ. P. 4(d) to Beumer and requested that the waiver be returned to it on or before December 6, 2014.  (*See* Ex. A).  Beumer, however, failed to waive service within the applicable time period.

Bloom Lake nevertheless refrained from perfecting service on Beumer.  In fact, on several occasions, Bloom Lake's counsel suggested to Beumer's counsel that the parties consolidate Bloom Lake's claims in the First and Second Cases.  In addition, Bloom Lake's counsel also suggested that the parties address the claims with the Court at an upcoming Case Management Conference in the First Case.  Instead, on January 5, 2015, two days prior to the Case Management Conference in the First Case, Beumer untimely filed the request for waiver of service itself (without the knowledge of Bloom Lake's counsel), so it could simultaneously file its Motion to Dismiss at the same time.

(*See generally*, Waiver of Service; Beumer Mot. to Dismiss Compl.) (Docs. 4-5, Second Case).

## LAW AND ARGUMENT

**I.     This Court Should Not Dismiss Bloom Lake's Complaint.**

**A.     Fed. R. Civ. P. 13(a) Is Not Applicable.**

Beumer's discussion of Fed. R. Civ. P. 13(a) is much to do about nothing.  Fed. R. Civ. P. 13(a) requires a party to include in its answer counterclaims arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a).  Bloom Lake does not dispute that its claims in the First Case are identical to its claims in the Second Case.  Nor does Bloom Lake dispute that its claims arise out of the same transaction or occurrence of Beumer's initial claims.  But Beumer's mere parroting of horn book law regarding Fed. R. Civ. P. 13(a) fails to address the procedural history of the First and Second Cases.

Bloom Lake was not required and, in fact, should not have filed its counterclaims in the First Case because its motion to dismiss Beumer's first amended complaint was still pending.  Again, if Bloom Lake had filed its counterclaims in the First Case while its motion to dismiss was pending, it would have done so while at the same time seeking to dismiss the same lawsuit outright.  Fed. R. Civ. P. 13(a) makes no mention whatsoever of filing counterclaims while a motion to dismiss is pending.  Beumer fails to discuss any authority demonstrating that Bloom Lake was required to file its counterclaims in the First Case before filing its Complaint in the Second Case.  Ultimately, under Fed. R. Civ. P. 12(a)(4) and 13(a), Bloom Lake was not required to file its counterclaims in the First Case until the Court ruled on its motion to dismiss.  Therefore, for these reasons, Beumer's reliance on Fed. R. Civ. P. 13(a) is misplaced.

**B.    Dismissal Is Not Appropriate Under the First-to-File Rule.**

1.    Dismissal of the Second Case Is Not Warranted.

This Court has already addressed the exact issue at hand and explained that, under circumstances like the present, dismissal is not warranted.  Under the first-to-file rule, "[t]he general rule applicable when duplicative lawsuits are pending in ***separate federal courts*** is 'that the entire action should be decided by the court in which an action was first filed.'"  *Valley Enter. of Ohio v. Gainey Transp. Serv.*, No. 1:08-cv-1605, 2008 U.S. Dist. Lexis 78970, at *3 (N.D. Ohio Sept. 16, 2008) (***Judge Wells***) (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997).  But if the two lawsuits are filed in the ***same federal district court***, they should "be consolidated for trial under Fed. R. Civ. P. 42(a)."  *Id.* at *4 (emphasis added).

In *Valley Enter. of Ohio*, this Court denied a motion to dismiss a lawsuit under the first-to-file rule, despite the fact that the lawsuit involved the same parties, issues, and claims as another case already filed in the Western District of Michigan.  *Id.* at *6. Instead of dismissing the second lawsuit, the Court transferred it to the Western District of Michigan.  *Id.*  In reaching this decision, however, this Court addressed the exact issue at hand and explained that "[i]f these two lawsuits were filed in the same federal district court, they would be consolidated for trial under Fed. R. Civ. P. 42(a)."  *Id.* at *4.

Here, unlike *Valley Enter. of Ohio*, both the First and Second Cases are pending in the same Court before Judge Wells, rather than in different federal district courts. Further, both parties agree that the First and Second Cases involve the same parties, issues, and claims.  Therefore, based on this Court's own opinion in *Valley Enter. of Ohio*, the First and Second Cases should be consolidated not dismissed.  Indeed, Bloom

Lake intends to file a motion to consolidate at the appropriate time, provided the CCAA Action does not otherwise impact the First and Second Cases.

2.  <u>Dismissal Is Disfavored Under the First-to-File Rule</u>.

Moreover, even if this Court had not already concluded that consolidation was the appropriate course of action, Beumer's Motion to Dismiss relies on immaterial authority and overlooks an important tenet to the first-to-file rule — ***dismissal is disfavored***.  Courts have explained that when the first-to-file rule is raised, the court presiding over the second filed case has four options:

(1)  Dismiss the case without prejudice;
(2)  Transfer the second-filed case to the district in which the first-filed case is pending;
(3)  Stay proceedings in the second-filed case while the first-filed court decides to retain or relinquish jurisdiction; and
(4)  Proceed without interruption.

*Nanologix v. Novak*, No. 4:13-cv-1000, 2013 U.S. Dist. LEXIS 172644, at *6, (N.D. Ohio Dec. 9, 2013).  But more importantly, "[t]he first option, dismissal without prejudice, is not a favored course of action in second-filed cases."  *Id.* (citing *Steavens v. Elec. Data Sys. Corp.*, No. 07-14536, 2008 U.S. Dist. LEXIS 107555, at *3 (E.D. Mich. Nov. 25, 2008)).  Therefore, because dismissal is disfavored under the first-to-file rule, this Court should deny Beumer's Motion to Dismiss.

## II.  Beumer Is Not Entitled to Its Attorneys' Fees.

### A.  Bloom Lake Has Acted in Good Faith.

Without a doubt, Bloom Lake has acted in good faith.  Thus, substantively speaking, Beumer has no basis for requesting its attorneys' fees in connection with its Motion to Dismiss.

First and foremost, because Bloom Lake's motion to dismiss was pending in the First Case, it was proper for Bloom Lake to file its Complaint in the Second Case, rather than filing these claims as counterclaims in the same action that it was seeking to dismiss.  Beumer's assertion that "nothing precludes a party from filing a responsive pleading during the pendency of a Motion to Dismiss" carries no weight.  (*See* Beumer Mot. to Dismiss Compl. at 6) (Doc. 4, Second Case).  The rules do not require Bloom Lake to file a responsive pleading or counterclaim while a motion to dismiss is pending.  Nor does any rule prevent Bloom Lake from filing a separate action as well.

As explained above, Bloom Lake had legitimate reasons for filing the Second Case at that time, rather than waiting for a ruling on its motion to dismiss in the First Case.  In light of the value of its claims (approximately $12 million) and concern as to whether the right to file its counterclaims was ripe, Bloom Lake elected on taking the prudent course of action.  As this Court has already explained, when the same claims are pending in two lawsuits before the same court (as is the case here), the solution is simple: consolidation.

Beumer's Motion to Dismiss was also unnecessary.  Bloom Lake never served its Complaint on Beumer after Beumer refused to timely return the waiver of service.  Instead, Bloom Lake offered to consolidate the First and Second Cases or address the issue with the Court at a Case Management Conference.  Beumer, however, chose to belatedly file the return for service on its own without Bloom Lake's knowledge, so it could file this Motion to Dismiss.  Therefore, Beumer's Motion to Dismiss is a product of its own creation, and this Court should not reward this conduct nor award attorneys' fees.

### B.     There Is No Legal Basis for Beumer's Request for Attorneys' Fees.

Even when one sets aside the lack of any bad faith conduct on the part of Bloom Lake, Beumer also lacks a legal basis for its request for attorneys' fees. In its Motion to Dismiss, Beumer failed to cite to any authority nor did it articulate any legal basis in support of its requests. Instead, Beumer merely alleged that there was "no good faith basis" for Bloom Lake's actions. Based on this vague and unsupported allegation, it is assumed that Beumer is seeking attorneys' fees for purported "bad faith" conduct under Rule 11 or the Court's inherent authority. Needless to say, Beumer is not entitled to attorneys' fees under any of these legal theories.

In addition to the lack of any substantive basis, Beumer is also not entitled to fees under Rule 11 because it failed to follow any of the procedural requirements of the rule. Fed. R. Civ. P. 11. Under Rule 11, Beumer was required to file a ***separate*** motion for sanctions, serve its motion on Bloom Lake ***without filing it***, and allow Bloom Lake 21 days to address Beumer's concerns. Fed. R. Civ. P. 11.(c)(2). Because Beumer did none of this, it is not entitled to attorneys' fees under Rule 11.

Likewise, Beumer is also not entitled to fees under the Court's inherent authority. To award fees, a court must find: (1) that the claims advanced were meritless; (2) that counsel knew or should have known this; and (3) that the motive for filing the suit was for an improper purpose. *Big Yank Corp. v. Liberty Mut. Ins. Co.*, 125 F.3d 308, 314 (6th Cir. 1997). In light of Bloom Lake's legitimate reasons for filing the Second Case, Beumer cannot satisfy any of these elements — let alone the requirement that there be an improper purpose. At the end of the day, there is no basis for Beumer's request for attorneys' fees, and the Court should deny the same.

## CONCLUSION

For these reasons, Bloom Lake respectfully requests that the Court deny

Beumer's Motion to Dismiss, including its request for attorneys' fees.

OF COUNSEL:                                Respectfully submitted,

HAHN LOESER & PARKS LLP            s/ Royce R. Remington
                                           Royce R. Remington (#0040408)
                                           rrr@hahnlaw.com
                                           Matthew D. Wartko (#0082521)
                                           mwartko@hahnlaw.com
                                           200 Public Square, Suite 2800
                                           Cleveland, OH 44114
                                           Telephone:   216.621.0150
                                           Facsimile:    216.241.2824

                                           *Attorneys for Plaintiff The Bloom Lake
                                           Iron Ore Mine Limited Partnership*

**CERTIFICATE OF COMPLIANCE**

In accordance with LR 7.1(f), I hereby certify that this case has not yet been assigned to a case track.  I also hereby certify that Plaintiff Bloom Lake Iron Ore Mine Limited Partnership's memorandum adheres to the 20-page limitation set forth in LR 7.1(f).

s/ Royce R. Remington
*One of the Attorneys for Plaintiff The Bloom Lake Iron Ore Mine Limited Partnership*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of February, 2015, Plaintiff filed the foregoing *Plaintiff The Bloom Lake Iron Ore Mine Limited Partnership's Opposition to Defendant Beumer Corporation's Motion to Dismiss Plaintiff's Complaint for Breach of Contract and Declaratory Judgment.*  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

> s/ Royce R. Remington
> *One of the Attorneys for Plaintiff*
> *The Bloom Lake Iron Ore Mine Limited*
> *Partnership*