IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
  : CASE NO. 1:14 CV 02426
THE BLOOM LAKE IRON ORE MINE :
LIMITED PARTNERSHIP, :
  : MEMORANDUM OF OPINION AND
                           Plaintiff, : ORDER GRANTING THE
  : DEFENDANT'S MOTION TO DISMISS
           -vs- :
  :
  :
BEUMER CORPORATION, :

                         Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Before the Court is a motion to dismiss the plaintiff's complaint filed by defendant Beumer Corporation ("Beumer"). Beumer maintains that Bloom Lake's claims should be dismissed because they are duplicative of counterclaims that Bloom Lake asserted in a previously filed matter which is also pending before this Court, <u>Beumer Corp. v. The Bloom Lake Iron Ore Mine Ltd. Partnership</u>, Case No. 1:13-cv-01513 (hereinafter "the prior pending action"). Beumer contends that in light of the prior pending action, Bloom Lake's refusal to voluntarily dismiss this matter was without a good faith basis, and it seeks an award of attorney fees in relation to the cost of preparing its motion. Bloom Lake has filed a response in opposition. For the reasons that follow, the motion to dismiss will be granted. The request for an award of attorney fees will be denied.

Beumer filed the prior pending action against Bloom Lake on July 12, 2013, asserting claims for breach of contract, fraud, and unjust enrichment. Beumer's claims related to two construction contracts, under which Beumer was to provide an overland conveyor and ore storage structure for the Bloom Lake Iron Ore Mine Expansion - Phase II project, located in Quebec Province, Canada. Along with the filing of the complaint in the prior pending action, Beumer also filed a motion to stay litigation and compel arbitration. October 1, 2013, Beumer filed an amended complaint. Bloom Lake opposed the motion to stay and compel arbitration, and on October 15, 2013, it filed a motion to dismiss Beumer's amended complaint. On June 12, 2014, this Court entered an order denying Beumer's motion to stay and compel litigation. On October 13, 2014, Beumer filed a notice of dismissal of counts three and four of the first amended complaint. On December 1, 2014, the Court entered an order denying Bloom Lake's motion to dismiss the Amended Complaint. On December 15, 2014, Bloom Lake filed an answer and counterclaims.[1]

On October 31, 2014, while Bloom Lake's motion to dismiss the amended complaint was still pending in the prior pending action, Bloom Lake initiated the instant lawsuit, alleging claims of breach of contract and declaratory judgment against Beumer. It is undisputed that Bloom Lake's claims in this case are identical to the counterclaims that were later asserted against Beumer in the prior pending action. And it is undisputed

---

[1] On January 7, 2015, the parties sat for a case management before United States Magistrate Judge Kenneth S. McHargh. The parties set discovery deadlines and planned for an anticipated mediation. On April 28, 2015, the parties informed the Magistrate Judge that Beumer had filed for bankruptcy in the Canadian court system. On June 5, 2015, Magistrate Judge McHargh entered an order staying the case pending the outcome of Beumer's bankruptcy proceedings.

that the two cases involve the same parties and the same set of operative facts.

Bloom Lake maintains that it filed the instant case as a matter of prudence, in order to perfect its $12 million claim against Beumer, while its motion to dismiss was pending in the prior pending action. Bloom Lake indicates that it chose not to file its claim in the prior pending action initially, because it was concerned that its right to file a counterclaim in that case was not ripe while the motion to dismiss was pending. It accordingly filed the instant matter asserting claims for breach of contract and declaratory judgment. Bloom lake indicates that once the Court ruled on its motion to dismiss in the prior pending action, it filed the same claims asserted here as counterclaims in that case. Bloom Lake maintains that instead of dismissing the instant matter, the Court should consolidate it with the prior pending action.

Beumer, on the other hand, maintains that the instant matter should be dismissed pursuant to Federal Rules of Civil Procedure 13(a). Federal Rule 13(a) provides, in pertinent part:

> A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]

Fed. R. Civ. P. 13. Beumer argues that because Bloom Lake's claims in the instant suit arise from the same transaction or occurrence that form the basis of Beumer's claims in the prior pending action, Bloom Lake's claims here must be tried as counterclaims in the prior pending action.

The Court agrees. Bloom Lake's identical claims cannot proceed simultaneously in two separate lawsuits. Even Bloom Lake seems to concede this, as it indicates that it anticipates filing a motion to consolidate the instant case with the prior pending action.

In the Court's view, dismissal is the appropriate course of action in this instance. It is not clear what precisely Bloom Lake would accomplish through a consolidation of the two cases, since the claims asserted here are *identical* to the counterclaims asserted in the prior pending action. Bloom Lake fails to demonstrate that it will be somehow prejudiced if this matter is dismissed.

Beumer's motion to dismiss is granted. Because Beumer provides no legal basis for its request for attorney fees, the request is denied. This case is dismissed in its entirety.

IT IS SO ORDERED.

                                                    /s/ Lesley Wells
                                        UNITED STATES DISTRICT JUDGE

Date: August 20, 2015